UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STEPHEN KENT, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HCL TECHNOLOGIES LIMITED, a foreign profit corporation; HCL AMERICA INC., a foreign limited liability company; HCL AMERICA SOLUTIONS INC., a foreign profit corporation; and DOES 1-20, as yet unknown Washington entities,<br><br>Defendants. | Case No.<br><br>**DEFENDANT HCL AMERICA INC.'S NOTICE OF REMOVAL TO FEDERAL COURT**<br><br>28 U.S.C. §§ 1332, 1441, 1446 |

TO:        Clerk of the Court;

AND TO:   Stephen Kent, Plaintiff;

AND TO:   Timothy W. Emery, Patrick B. Reddy, Paul Cipriani, Emery Reddy, PLLC,

           Plaintiff's attorneys of record:

NOTICE IS HEREBY GIVEN that Defendant HCL America Inc., with the consent of all Defendants hereby removes the above-entitled action from the Superior Court of the State of Washington in and for the County of King to the United States District Court for the Western District of Washington at Seattle. This removal is based upon complete diversity of citizenship of the parties, *see* 28 U.S.C. §§ 1332(a) and 1441, or alternatively under the Class Action Fairness Act ("CAFA"), *see* 28 U.S.C. §§ 1332(d) and 1441, and is timely under 28 U.S.C. § 1446.

DEF HCL AMERICA INC.'S NOTICE OF REMOVAL - 1

Littler Mendelson, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

In support of their Notice of Removal, Defendant HCL America Inc. asserts the following:

**PLEADINGS**

1. On July 23, 2024, Plaintiff Stephen Kent ("Plaintiff") initiated a civil action in King County Superior Court by filing a copy of the Summons and Complaint with that Court. The Complaint set forth one cause of action against Defendants, premised on Defendants' alleged use of job postings that do not include the wage scales or salary ranges to be offered to hired applicants. The Complaint is styled as a class action and asserts allegations on behalf of a putative class under Washington Civil Rule 23. A true and correct copy of the Complaint ("Complaint") is attached as **Exhibit ("Ex.") 1**. A true and correct copy of the Summons is attached as **Ex. 2**. A true and correct copy of the Case Information Cover Sheet and Area Designation is attached as **Ex. 3**.

2. On July 23, 2024, the King County Superior Court issued an Order Setting Civil Case Schedule. A true and correct copy of the same is attached as **Ex. 4**.

3. On July 23, 2024, Plaintiff filed an Affidavit of Prejudice. A true and correct copy of the same is attached as **Ex. 5**.

4. On July 24, 2024, Plaintiff's counsel caused the Summons, Complaint, Case Information Cover Sheet, and Order Setting Civil Case Schedule to be served upon Defendants' registered agents. True and correct copies of the same are attached as **Exs. 6, 7,** and **8**.

5. Defendants appeared through their counsel in the action in King County Superior Court on August 13, 2024. A true and correct copy of Defense Counsel's Notice of Appearance is attached as **Ex. 9**. A true and correct copy of the Certificate of E-Service for such documents is attached as **Ex. 10**.

6. By signing this Notice of Removal, counsel for Defendants verify that the above-described items attached hereto are true and complete copies of the records and proceedings that Defendants have received in the state court proceeding.

7. HCL Technologies Limited, HCL America Inc., and HCL America Solutions Inc. are the named Defendants, are represented by the undersigned counsel, and consent to removal.

DEF HCL AMERICA INC.'S NOTICE OF REMOVAL - 2

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

## TIMELINESS OF REMOVAL

8. The Notice of Removal is timely when it is made within 30 days of receipt of a copy of the pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable. 28 U.S.C. § 1446(b).

9. As stated in the prior section, on July 24, 2024, Plaintiff's counsel delivered the Summons and Complaint to Defendants' registered agents to effect service in this action. Accordingly, this Notice of Removal has been filed within 30 days of commencement of the action in state court as required by 28 U.S.C. §1446(b) and is therefore timely. 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999).

## DIVERSITY OF CITIZENSHIP

10. This Court has jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a), and this action is one that may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441(a). Removal of this action is appropriate based on diversity of citizenship because there is complete diversity of citizenship between the parties, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. *Id.* § 1332(a)(1). As set forth below, this case meets all of the requirements for removal and is properly removed by the filing of this Notice.

11. <u>Citizenship of Plaintiff</u>. For diversity purposes, an individual is a "citizen" of the State in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is their permanent home, where that person resides with the intention to remain or to which that person intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Plaintiff alleges that at all relevant times to the allegations set forth in the Complaint, he was a resident of King County, Washington. Complaint at ¶ 15. Plaintiff's own representations establish his domicile in Washington State. Plaintiff is therefore a citizen of the State of Washington.

DEF HCL AMERICA INC.'S NOTICE OF REMOVAL - 3

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

12. <u>Citizenship of Defendants</u>.  At the time this action was commenced, and at the time of removal, Defendants were not, and are not, citizens of Washington.[1]

13. For purposes of diversity, a corporation is a citizen of the state in which it is incorporated and the state in which its principal place of business is located. *Johnson*, 437 F.3d at 899. A corporation's "principal place of business" "refers to the place where the corporation's high-level officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010). A corporation may only have a singular "principal place of business," *id*. at 93, which is the corporation's "nerve center." *Id*. at 81. "[I]n practice [this] should normally be the place where the corporation maintains its headquarters." *Id*. at 93.

14. HCL Technologies Limited is a publicly traded company, is incorporated in India, and maintains its corporate headquarters and principal place of business in Noida, India.

15. HCL America Inc., a wholly owned indirect subsidiary of HCL Technologies Limited, is incorporated in the State of California, and maintains its corporate headquarters and principal place of business in Santa Clara, California.

16. HCL America Solutions Inc., a wholly owned subsidiary of HCL America Inc., is incorporated in the State of California, and maintains its corporate headquarters and principal place of business in Santa Clara, California.

17. Accordingly, for purposes of diversity of citizenship, Defendants are citizens of India and California, not citizens of Washington. *Johnson*, 437 F.3d at 899.

18. Consequently, there is complete diversity of citizenship between Plaintiff and each of the Defendants. *See* 28 U.S.C. § 1332(a)(1).

19. <u>Amount in Controversy</u>.  For purposes of removal, the amount in controversy exceeds $75,000, as set forth below.

---

[1] Pursuant to 28 U.S.C. § 1441(b)(1), the citizenship of "Does 1-20" can be disregarded.

DEF HCL AMERICA INC.'S NOTICE OF REMOVAL - 4

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

**CAFA JURISDICTION**

20. Alternatively, this Court has jurisdiction over this action pursuant to CAFA, which vests the United States district courts with original jurisdiction of any civil action: (a) that is a class action filed under Rule 23 of the Federal Rules of Civil Procedure or similar state rule; (b) in which the putative class contains one hundred or more members; (c) in which any member of a putative class of plaintiffs is a citizen of a state different from any defendant, with certain limitations that apply where one or more defendants is a citizen of the state in which the action was filed; and (d) in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. §1332(d). CAFA authorizes removal of such actions in accordance with United States Code, title 28, section 1446. As set forth below, this case meets all of CAFA's requirements for removal and is properly removed by the filing of this Notice.

21. <u>Class Action Filed under State Law</u>. Plaintiff initiated a civil action in King County Superior Court asserting class action allegations under Washington Civil Rule 23. *See* Complaint at ¶¶ 42-56.

22. <u>Putative Class Size</u>. 28 U.S.C. § 1332(d)(5)(B) states that the provisions of CAFA do not apply to any class action where "the number of members of all proposed plaintiff classes in the aggregate is less than 100." In his Complaint, Plaintiff defines the class as follows: "All individuals who, from January 1, 2023 through the date notice is provided to the Class, applied for a job opening in the State of Washington with HCL Technologies Limited, HCL America Inc. or HCL America Solutions Inc. where the job posting did not disclose the wage scale or salary range." Complaint at ¶ 42. By Plaintiff's own estimation, "[t]here are potentially dozens of Class Members who applied for jobs with Defendants within the time period relevant to this matter." Complaint at ¶ 44. Defendants agree there were at least 100 individuals who submitted job applications with HCL America Inc. in Washington State during the relevant time period. (Declaration of Sunil Khanna ["Khanna Decl."], at ¶¶ 2, 3). Thus, the alleged class exceeds 100 individuals as required by CAFA. 28 U.S.C. § 1332(d)(5)(B).

DEF HCL AMERICA INC.'S NOTICE OF REMOVAL - 5

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

23. <u>Minimum Diversity</u>.  CAFA's minimal diversity requirement is satisfied, inter alia, when "any member of a class of plaintiffs is a citizen of a State different from any defendant."  28 U.S.C. §§ 1332(d)(2)(A), 1453(b).  Minimal diversity of citizenship exists here because Plaintiff and Defendants are citizens of different states.  Defendants are citizens of India and California. *See* Paragraphs 12-17, *supra*.  Plaintiff Stephen Kent is a citizen of Washington.  *See* Paragraph 11, *supra*.

24. <u>Diversity Exclusions</u>.  There are certain situations where a district court is permitted or required to decline to exercise jurisdiction under CAFA.  In all such situations enumerated in the statute, one or more of the defendants are citizens of the state in which the action was originally filed.  28 U.S.C. §§ 1332(d)(3), 1332(d)(4)(A)(i)(II)(cc), 1332(d)(4)(B).  As discussed above, none of the Defendants in this action are citizens of Washington.  *See* Paragraphs 12-17, *supra*.

25. <u>Governmental Exclusion</u>.  Under 28 U.S.C. § 1332(d)(5)(A), CAFA does not apply to class actions where "the primary defendants are States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief."  As discussed above, each Defendant is a company, not a state, state official, or other governmental entity exempt from CAFA.

26. <u>Amount in Controversy</u>.  For purposes of removal, the amount in controversy exceeds $5,000,000, as set forth below.

**AMOUNT IN CONTROVERSY**

27. The "plaintiff's complaint" is a court's "first source of reference in determining the amount in controversy."  *LaCross v. Knight Transp., Inc.*, 775 F.3d 1200, 1202 (9th Cir. 2015) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).  While Plaintiff has alleged that "the amount in controversy does not exceed the sum or value of $5,000,000,", *see* Complaint at ¶ 14, the U.S. Supreme Court and the Ninth Circuit have held that such a "waiver" of putative absent class members' potential claims is "ineffective."  *Rodriguez v. AT & T Mobility Services LLC*, 728 F.3d 975, 976 (9th Cir. 2013) (citing *Standard Fire Ins. Co. v. Knowles*, 568 U.S.

DEF HCL AMERICA INC.'S NOTICE OF REMOVAL - 6

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

588 (2013). A defendant seeking removal of a putative class action must demonstrate, by a preponderance of the evidence, that the aggregate amount in controversy exceeds the jurisdictional minimum, which is the same standard as when the plaintiff does not plead any amount in controversy. *Rodriguez v. AT & T Mobility Servs. LLC*, 728 F.3d 975, 981 (9th Cir. 2013). The ultimate inquiry is what amount is put "in controversy" by the plaintiff's complaint, not what a court or jury might later determine to be the actual amount of damages, if any. *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) ("The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability.") (citation omitted). Thus, the amount in controversy is based on the claims asserted, regardless of the defenses to those claims. *Smithers v. Smith,* 204 U.S. 632, 642 (1907); *Schunk v. Moline, Milburn & Stoddart Co.,* 147 U.S. 500, 505 (1893); *Lewis*, 627 F.3d at 400. The facts alleged below, in combination with the allegations of the Complaint, establish by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount.

28. <u>Plaintiff's Claims</u>. The job to which Plaintiff alleges he applied (Ex. 1 to Complaint) was posted by HCL America Inc. for employment with HCL America Inc. Khanna Decl., at ¶ 2. None of the other Defendants—HCL Technologies Limited, or HCL America Solutions Inc.—had any involvement with or responsibility for the job posting. *Id.* HCL America Inc. is the only correctly named Defendant in this action.

29. <u>Plaintiff's Class Definition</u>. Plaintiff seeks damages on behalf of a putative class of individuals who applied for a job opening in the State of Washington with [Defendants][.]" Complaint, at ¶ 42. While Plaintiff describes the putative class as all applicants who applied for a job "where the job posting did not disclose a wage scale or salary range," *id.*, a defendant is not required to "concede liability for the entire amount." *Lewis*, 627 F.3d at 400. Indeed, Defendants dispute that class certification is appropriate for any group and dispute that Plaintiff and putative class members are entitled to any damages. For purposes of establishing the amount in controversy for removal, however, HCL America Inc. may rely on the broader putative class definition of all

DEF HCL AMERICA INC.'S NOTICE OF REMOVAL - 7

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

individuals who applied for a job opening in Washington State. Whether the job postings they applied to disclosed the wage scale or salary range is irrelevant for this determination. *See Lewis*, 627 F.3d at 399-400 (holding that the defendant's evidence of the total billings, without distinguishing between "authorized" and "unauthorized" charges, was sufficient for removal even where the plaintiff sought to represent a more limited putative class of individuals who were billed for "unauthorized" charges); *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922-23, 927 (9th Cir. 2019) (relying on defendant's data about all non-exempt employees despite complaint's limiting of putative class to those "who were subjected to individual wage and hour violations," and vacating district court's remand to state court). *See also, e.g., Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1202, 1206 (E.D. Cal. 2008) (denying remand under CAFA because complaint alleged that defendant was liable for up to $1,000 per violation and Defendant proffered evidence that it had processed more than 5,000 total credit card transactions, even though the putative class was defined more narrowly to include only persons whose personal information had been recorded or who used a particular type of credit card transaction form).

30. <u>Relief Sought by Plaintiff</u>. Plaintiff alleges that he was qualified to perform the position to which he applied, and he expected he would learn the rate of pay in working through the application. Complaint, at ¶¶ 27-31. Plaintiff further alleges that, because the salary was not disclosed to him, he was unable to evaluate or negotiate pay for the position, which impacts his current and lifetime wages, and he lost valuable time during the application process. Complaint, at ¶¶ 33-36. Plaintiff's Complaint seeks statutory damages equal to five thousand dollars for Plaintiff's and the putative class members' actual damages or five thousand dollars, whichever is greater, pursuant to RCW 49.58.070 and RCW 49.58.110. Complaint at ¶ 58. Plaintiff also seeks costs and reasonable attorneys' fees, pursuant to RCW 49.58.070 and RCW 49.58.110, and pre- and post-judgment interest. Complaint at ¶¶ 59, 62.

31. <u>Statutory Damages</u>. For purposes of removal, HCL America Inc. has submitted evidence that more than 2,000 individuals applied for a job opening in the State of Washington from

DEF HCL AMERICA INC.'S NOTICE OF REMOVAL - 8

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

1  January 1, 2023 to August 12, 2024. Khanna Decl., at ¶ 3. Based on Plaintiff's Complaint seeking at least five thousand dollars for Plaintiff and each putative class member, the potential statutory damages alone exceed the amount in controversy requirement under CAFA (2,000 multiplied by $5,000 is equal to **$10,000,000**).

32.  Attorneys' Fees.  It is well-settled that for purposes of the amount in controversy requirement, "where an underlying statute authorizes an award of attorneys' fees . . . such fees may be included in the amount in controversy." *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 1000 (9th Cir. 2007). Further, a reasonable estimate of future attorneys' fees should be included in the amount in controversy analysis. *See e.g., Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794-795 (9th Cir. 2018) (if a plaintiff would be entitled under a contract or statute to future attorneys' fees, such fees are at stake in the litigation and should be included in the amount in controversy, and district courts may estimate such fees based on their own knowledge and experience); *Arias*, 936 F.3d at 927-28 (reaffirming *Fritsch*). If this case was litigated to conclusion, Plaintiff's attorneys' fees would exceed $72,500. Courts have recognized that even in single-plaintiff employment lawsuits, 100 hours is "an appropriate and conservative estimate" of the number of attorney hours expended through trial. *Adkins v. J.B. Hunt Transport, Inc.*, 293 F. Supp. 3d 1140, 1148 (E.D. Cal. 2018) (quotations and citation omitted). Plaintiff's attorney has recently submitted a declaration stating his hourly rate of $725 per hour. Declaration of Breanne Martell, Ex. 1. Therefore, the attorneys' fees at issue are at least **$72,500** (100 hours multiplied by $725 per hour).

33.  Furthermore, in class cases, courts in the Ninth Circuit may employ a 25% "benchmark" in calculating awardable fees. *See Copple v. Arthur J. Gallegher & Co.*, No. C22-0116-LK-SKV, 2022 WL 3357865, at *5, 7 (W.D. Wash. Aug. 2, 2022)*, adopted by* 2022 WL 4448546 (W.D. Wash. Sept. 23, 2022) (denying remand as CAFA jurisdiction established and applying 25% benchmark to damages estimate yielding approximately $1 million in estimated fees) (citing *Staton v. Boeing Co.*, 327 F.3d 938, 968 (9th Cir. 2003) ("'This circuit has established 25%

DEF HCL AMERICA INC.'S NOTICE OF REMOVAL - 9

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

of the common fund as a benchmark award for attorney fees.'")); *Levy v. Salcor, Inc.*, No. C14-5022 BHS, 2014 WL 775443, at *5 (W.D. Wash. Feb. 25, 2014) (applying 25% benchmark to damages estimate yielding $1,125,000 estimated in fees) (citing *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir. 1989)); *Garnett v. ADT LLC*, 74 F. Supp. 3d 1332, 1337–38 (E.D. Cal. 2015) (denying remand as "[n]o two cases are ever perfectly alike. The court must nonetheless do its best to estimate attorneys' fees, and in light of these cases, the court finds that defendant's fee estimation of 25 percent of recovery is a reasonable one. Even from plaintiff's lower calculation of statutory damages ($4,064,800), this equates to a fee of approximately $1,016,200. The total amount in controversy thus exceeds $5 million."). Thus here, the attorneys' fees at issue for a putative class action could exceed **$2,500,000** (25% of the aggregate amount in controversy calculated in Paragraph 31, *supra*).

34. Accordingly, when adding the potential statutory damages and future attorneys' fees for Plaintiff, the amount in controversy in this action exceeds the jurisdictional minimum of $75,000 for diversity jurisdiction. Similarly, the amount in controversy in this action exceeds the jurisdictional minimum of $5,000,000 for jurisdiction under CAFA.

## VENUE AND INTRADISTRICT ASSIGNMENT

35. Venue is proper (for purposes of removal) in the United States District Court for the Western District of Washington because this is the court for the district encompassing the place where this action is currently pending. *See* 28 U.S.C. § 1441(a).

36. Assignment is proper to the Seattle Division (for purposes of removal) because the action is pending in King County. *See* Western District of Washington Local Civil Rule 3(e)(1).

## SUFFICIENT CONSENT

37. Defendants are not required to investigate the identity of the unnamed defendants nor to obtain their consent for removal. *See* 28 U.S.C. § 1441(a); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998). In any event, no Doe defendants have been served. Defendants are not required to obtain consent to remove from defendants who have not been served. *See*

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

*Salveson v. W. States Bankcard Ass'n*, 731 F.2d 1423, 1429 (9th Cir. 1984), superseded by statute on other grounds as stated in *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1392 (9th Cir. 1988). Therefore, Defendants have sufficient consent to remove the State Court Action.

### NOTICE TO PLAINTIFF AND STATE COURT

38. In accordance with 28 U.S.C. § 1446(d), the undersigned counsel certifies that a copy of this Notice of Removal and all supporting papers were or will be served promptly on Plaintiff's counsel and filed with the Clerk of the King County Superior Court. Therefore, all procedural requirements under 28 U.S.C. § 1446 have been or will be followed and satisfied.

### RESERVATION OF RIGHTS

39. In the event this Court should be inclined to remand this action, Defendants request that the Court issue an order to show cause why the case should not be remanded, giving the parties an opportunity to present proper briefing and argument prior to any possible remand.

40. Nothing in this Notice of Removal is intended to waive any defense, nor does it waive any defense, including but not limited to defenses stated in Federal Rule of Civil Procedure 12(b), defenses to class certification, defenses on the merits, and defenses to claims for potential damages by Plaintiff or any other individual.

WHEREFORE, Defendants respectfully request that this action now pending in the King County Superior Court, State of Washington, be removed to the United States District Court for the Western District of Washington at Seattle.

/ / /

/ / /

/ / /

DEF HCL AMERICA INC.'S NOTICE OF REMOVAL - 11

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

| | |
|---|---|
| 1 | Dated: August 23, 2024 |
| 2 | <div align="right">*s/ Breanne Martell*<br>Breanne Martell, WSBA #39632</div> |
| 3 | <div align="right">bsmartell@littler.com</div> |
| 4 | <div align="right">*s/ Derek A. Bishop*<br>Derek A. Bishop, WSBA #39363</div> |
| 5 | <div align="right">debishop@littler.com</div> |
| 6 | <div align="right">*s/ Daniel Rhim*<br>Daniel Rhim, WSBA #58302</div> |
| 7 | <div align="right">drhim@littler.com</div> |

LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA 98101.3122
Phone: 206.623.3300
Fax:     206.447.6965

Attorneys for Defendants
HCL Technologies Limited, HCL America, Inc., and HCL America Solutions, Inc.

DEF HCL AMERICA INC.'S NOTICE OF REMOVAL - 12

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

## CERTIFICATE OF SERVICE

I am a resident of the State of Washington. I am over the age of eighteen years and not a party to the within-entitled action. My business address is One Union Square, 600 University Street, Suite 3200, Seattle, Washington 98101. I hereby certify that on August 23, 2024, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

**Attorneys for Plaintiff**

Timothy W. Emery, WSBA #34078
Patrick B. Reddy, WSBA #34092
Paul Cipriani, WSBA #59991
Emery Reddy, PLLC
600 Stewart St., Suite 1100
Seattle, WA 98101
Tel: 206-442-9106
emeryt@emeryreddy.com
reddyp@emeryreddy.com
paul@emeryreddy.com

I certify under penalty of perjury under the laws of the United States and of the State of Washington that the foregoing is true and correct.

Executed on August 23, 2024, at Seattle, Washington.

/s/ *Liana Natividad*
Liana Natividad
lnatividad@littler.com
**LITTLER MENDELSON, P.C.**

4875-4874-1590.3 / 126255-1001

DEF HCL AMERICA INC.'S NOTICE OF REMOVAL - 13

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300