UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEPHEN KENT, | CASE NO. C24-1332 MJP |
| Plaintiff, | ORDER GRANTING MOTION TO REMAND |
| v. | |
| HCL TECHNOLOGIES LIMITED, et al., | |
| Defendants. | |

This matter comes before the Court on Plaintiff Stephen Kent's Motion to Remand (Dkt. No. 10). Having reviewed the Motion, Defendants' Response (Dkt. No. 12), the Reply (Dkt. No. 14), and all supporting materials, the Court GRANTS the Motion. The Court finds this matter suitable for determination without oral argument, notwithstanding Defendants' request.

**BACKGROUND**

Kent filed this proposed class action in King County Superior Court against Defendants HCL Technologies Limited, HCL America, Inc., HCL America Solutions, Inc. and Does 1-20 (together "HCL"), claiming they violated the pay transparency requirements of Washington's

1  Equal Pay and Opportunities Act (EPOA), RCW 49.58.110. HCL timely removed the action to

2  this Court. (Dkt. No. 1.) Kent now moves to remand the case, asserting that HCL's removal was

3  improper. (Dkt. No. 10.) The Court reviews the statutory and factual background.

4  **A.      Statutory Background**

5          Washington State passed its first equal pay legislation, the Equal Pay Act, in 1943, and

6  amended it for the first time in 2018, at which time it became known as the EPOA. See RCW

7  49.12.175; 49.58.005. The Washington Legislature found that "despite existing equal pay laws,

8  there continue[d] to be a gap in wages and advancement opportunities among workers in

9  Washington, especially women." RCW 49.58.005. The law was updated "to address income

10 disparities, employer discrimination, and retaliation practices, and to reflect the equal status of all

11 workers in Washington state." Id.

12         In 2019, the EPOA was further updated to address discriminatory hiring practices by

13 prohibiting employers "from seeking the wage or salary history of an applicant for employment

14 in certain circumstances," and by requiring "an employer to provide wage and salary information

15 to applicants and employees" upon request, although only "after offering the applicant the

16 position." RCW 49.58.005; see also RCW 49.58.100, -.110.

17         In 2022, the Legislature again amended the EPOA by modifying RCW 49.58.110 to

18 require employers to proactively disclose compensation information when a position is posted as

19 available. This "allows a discussion at the start of the process instead of after an offer has been

20 made, which will increase the ability to negotiate pay." (Complaint ¶ 5 (quoting H.B. Rep. ESSB

21 5761, at 2 (Wash. 2022)) (Dkt. No. 1-2).) The Legislature was also concerned that "'[m]any

22 candidates spend hours going through rounds of interviews only to find out they can't live on the

23 offered pay.'" (Id. (quoting S.B. Rep. ESSB 5761, at 3 (Wash. 2022)).)

24

The EPOA now states, in relevant part, that an employer must "disclose in each posting for each job opening the wage scale or salary range, and a general description of all of the benefits and other compensation to be offered to the hired applicant." RCW 49.58.110(1). It is this provision that Kent claims HCL violated.

**B.    Factual Background**

Kent resides in King County and applied for a job opening to work with HCL in July 2024. (Complaint ¶¶ 15, 27.) Kent claims to have been "qualified to perform the position for which he applied." (<u>Id.</u> ¶ 28.) He alleges "[t]he posting for the job opening [he] applied to did not disclose the wage scale or salary range being offered." (<u>Id.</u> ¶ 29.) Kent does not allege that he received any response to his application. But he alleges that "[a]s a result of Defendants' refusal to disclose the wage scale or salary range in the job posting, [he] remains unable to evaluate the pay for the position and compare that pay to other available positions in the marketplace, which negatively impacts Plaintiff's current and lifetime wages." (<u>Id.</u> ¶ 34.) Kent alleges that he and the members of a proposed class of similarly-situated individuals "lost valuable time applying for jobs with Defendants for which the wage scale or salary range was not disclosed." (<u>Id.</u> ¶ 36.) But Kent alleges only that he applied for the job, not that he spent time preparing for and participating in an interview or that he lost the ability to apply for other positions.

In what follows a pattern of similar cases, HCL removed Kent's case to this Court based on diversity jurisdiction under 28 U.S.C. § 1332(a) and (d). (Dkt. No. 1 at 1–2.) Kent then timely moved to remand his case back to King County Superior Court, noting that his EPOA claim is "virtually identical to <u>nine</u> others that were remanded for lack of Article III standing and subject matter jurisdiction." (Mot. at 2 (emphasis in original).) In one such remand order, Judge Rothstein noted that the matter was "one of 27 lawsuits with virtually identical [EPOA]

1   complaints filed in King County Superior Court and subsequently removed to this Court." <u>Floyd</u>

2   <u>v. Insight Glob. LLC</u>, No. 23-CV-1680-BJR, 2024 WL 2133370, at *1 (W.D. Wash. May 10,

3   2024).

4                                    **ANALYSIS**

5   **A.    Legal Standard**

6          A defendant may remove an action filed in state court if the federal district court would

7   have had original jurisdiction over the action. 28 U.S.C. § 1441(a). The party seeking removal

8   bears the burden of establishing federal jurisdiction by a preponderance of the evidence.

9   <u>Guglielmino v. McKee Foods Corp.</u>, 506 F.3d 696, 699 (9th Cir. 2007). Federal courts strictly

10  construe the removal statute and must reject jurisdiction if there is any doubt as to the right of

11  removal in the first instance. <u>See Hawaii ex rel. Louie v. HSBC Bank Nev., N.A.</u>, 761 F.3d 1027,

12  1034 (9th Cir. 2014) (citing <u>Luther v. Countrywide Home Loans Servicing LP</u>, 533 F.3d 1031,

13  1034 (9th Cir. 2008)).

14  **B.    Plaintiff Lacks Standing**

15         The Court finds that Kent lacks standing because he fails to identify a concrete injury-in-

16  fact from HCL's failure to provide statutorily-required salary information.

17         "Under Article III, the Federal Judiciary is vested with the 'Power' to resolve not

18  questions and issues but 'Cases' or 'Controversies.'" <u>Ariz. Christian Sch. Tuition Org. v. Winn</u>,

19  563 U.S. 125, 132 (2011). "Among other things, that limitation requires a plaintiff to have

20  standing." <u>Fed. Election Comm'n v. Cruz</u>, 596 U.S. 289, 295–96 (2022). If a plaintiff lacks

21  Article III standing, the Court does not have subject matter jurisdiction. <u>See Warth v. Seldin</u>, 422

22  U.S. 490, 498 (1975). "[T]o establish standing, a plaintiff must show (i) that he suffered an

23  injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was

24

1   likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial

2   relief." TransUnion LLC v. Ramirez, 594 U.S. 413, 423 (2021) (citing Lujan v. Defenders of

3   Wildlife, 504 U.S. 555, 560–61 (1992)). Plaintiff bears the burden of establishing each of these

4   elements "with the manner and degree of evidence required at the successive stages of the

5   litigation." Lujan, 504 U.S. at 561. "At the pleading stage, general factual allegations of injury

6   resulting from the defendant's conduct may suffice[.]" Id.; accord Tingley v. Ferguson, 47 F.4th

7   1055, 1066 (9th Cir. 2022).

8        This case falls into a category of lawsuits where standing is premised on the violation of a

9   statutory right. "[T]he Supreme Court made clear that a plaintiff does not 'automatically satisf[y]

10  the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to

11  authorize that person to sue to vindicate that right.'" Robins v. Spokeo, Inc. (Spokeo II), 867

12  F.3d 1108, 1112 (9th Cir. 2017) (quoting Spokeo, Inc. v. Robins (Spokeo I), 578 U.S. 330, 341

13  (2016) as revised (May 24, 2016)). To establish a concrete injury, "the plaintiff must allege a

14  statutory violation that caused him to suffer some harm that 'actually exist[s]' in the world; there

15  must be an injury that is 'real' and not 'abstract' or merely 'procedural.'" Id. (quoting Spokeo I,

16  578 U.S. at 340).

17       "Although we often think of 'tangible' injuries as the basis of this jurisdictional

18  requirement, the Supreme Court has confirmed that 'intangible injuries can nevertheless be

19  concrete.'" Magadia v. Wal-Mart Assocs., Inc., 999 F.3d 668, 679 (9th Cir. 2021) (quoting

20  Spokeo I, 578 U.S. at 340). While "[t]he omission of statutorily required information can

21  constitute a distinct, concrete injury," "not 'every minor inaccuracy reported in violation of [a

22  statute] will cause real harm or present any material risk of real harm.'" Id. (quoting Spokeo II,

23  867 F.3d at 1116). "[A]n intangible injury may be concrete if it presents a material risk of

24

tangible harm or 'has a close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit in English or American courts,' like common law torts or certain constitutional violations." Phillips v. United States Customs & Border Prot., 74 F.4th 986, 991 (9th Cir. 2023) (quoting Spokeo I, 578 U.S. at 340-41).

"To determine whether the violation of a statute constitutes a concrete harm, we engage in a two-part inquiry." Magadia, 999 F.3d at 679. "We first consider 'whether the statutory provisions at issue were established to protect . . . concrete interests (as opposed to purely procedural rights).'" Id. (quoting Spokeo II, 867 F.3d at 1113). "If so, we then assess 'whether the specific procedural violations alleged in this case actually harm, or present a material risk of harm to, such interests.'" Id. (quoting Spokeo II, 867 F.3d at 1113).

Although the EPOA protects concrete interests of job applicants, the Court finds that the alleged violation Kent identifies did not cause an actual harm or present a material risk of harm to that interest. The Court reviews its two-part analysis, below.

First, the Court finds that the salary disclosure requirement in the EPOA was established to protect concrete, non-procedural rights for job applicants and employees. The EPOA was recently amended to address the wage gap and income disparities that exist affecting workers in Washington. RCW 49.58.005. The EPOA expressly states that "the legislature intends to require an employer to provide wage and salary information to applicants and employees." RCW 49.58.005(4). To promote this goal, the 2019 Amendments to the EPOA required employers to provide wage and salary information to applicants upon request, but only "after offering the applicant the position." RCW 49.58.005, -.100-.110. Then in 2022, the Legislature amended the EPOA to increase transparency by requiring proactive disclosure of wage and salary information to "allow[] a discussion at the start of the process instead of after an offer has been made, which

ORDER GRANTING MOTION TO REMAND - 6

will increase the ability to negotiate pay." H.B. Rep. ESSB 5761, at 2. This change was designed to avoid harm to those who "spend hours going through rounds of interviews only to find out they can't live on the offered pay." S.B. Rep. ESSB 5761, at 3. Read together, this legislative history confirms that the EPOA's procedural requirement of disclosure was established to protect applicants by arming them with sufficient information to ensure fair and equitable pay negotiations, and to avoid wasting time interviewing for positions whose pay would never be adequate.

Second, Kent has failed to show how the lack of disclosure caused him the "real harm" that the EPOA was "designed to prevent." Spokeo II, 867 F.3d at 1115. In full, Kent alleges that because of the missing pay scale and wage range information, he "lost valuable time" and was unable to "unable to evaluate the pay for the position and compare that pay to other available positions in the marketplace, which negatively impacts [his] current and lifetime wages," including his "ability to negotiate pay" in future positions. (Compl. ¶¶ 34–35.) But these allegations fail to show any actual harm against which the EPOA intends to protect. Particularly, Kent does not allege that he was prepared for or was offered an interview or that he engaged in any pay negotiations. See, e.g., Partridge v. Heartland Express Inc. of Iowa, No. 3:24-CV-05486-DGE, 2024 WL 4164245, at *4 (W.D. Wash. Sept. 12, 2024) (remanding EPOA claim on standing grounds after plaintiff failed to "allege that he was offered employment or interview."). All Kent alleges is that he applied to a job with HCL and his only identified injury is the time he "lost" in applying. This is not an injury that the EPOA seeks to prevent or redress. Nor does Kent's claims regarding his qualifications for the job translate to a claim that he was a "bona fide" candidate who applied to the job with good-faith intent. See Liu v. Veeva Sys. Inc., No. 23-CV-1784-BJR, 2024 WL 4263176, at *3 (W.D. Wash. Sept. 23, 2024) ("An allegation of time

wasted from going through the motion of applying for a job without good-faith intent is insufficient to satisfy Article III standing."). As was the case in <u>Partridge</u>, <u>Liu</u>, and a growing number of EPOA cases removed to this Court, Kent's complaint does not contain a concrete and particularized injury sufficient to satisfy Article III standing. On this basis, the Court GRANTS the Motion and REMANDS this matter to King County Superior Court.

The Court separately notes that jurisdictional discovery would not be appropriate in this matter, notwithstanding HCL's request. It is apparent on the face of the Complaint that Kent lacks standing, and none of the jurisdictional discovery HCL seeks or would be entitled to would alter that calculus.

## CONCLUSION

The Court finds that Kent has failed to allege an injury to a concrete interest sufficient to satisfy Article III standing. The Court therefore lacks subject matter jurisdiction, and it may not preside over this matter. The Court REMANDS this matter to the King County Superior Court.

The clerk is ordered to provide copies of this order to all counsel.

Dated November 19, 2024.

Marsha J. Pechman
United States Senior District Judge